UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, WILLIAM T. MCDONOUGH, DAVID S. BLITZSTEIN, ROGER ROBINSON, KENNETH, R. BOYD, RICHARD CHARETTE, WALTER B. BLAKE, WILLIAM M. VAUGHN, III, RICHARD D. COX, JOHN WAGNER, WARD KRAEMER, SCOTT HENDERSON<br><br>18861 90th Avenue, Suite A<br>Mokena, IL 60448<br><br>      Plaintiffs,<br><br>v.<br><br>FORMATION CAPITAL, LLC<br>1035 Powers Place<br>Alpharetta, Georgia 30009<br><br>SERVE: Formation Capital, LLC<br>    c/o CT Corporation System, Registered Agent<br>    1201 Peachtree Street, N.E.<br>    Atlanta, GA 30361<br><br>and<br><br>GENESIS HEALTHCARE CORPORATION<br>101 East State Street<br>Kennett Square, PA 19348<br><br>SERVE: Genesis HealthCare Corporation<br>    c/o Lawyers Incorporating Service<br>    14 Centre Street<br>    Concord, NH 03301-6302<br><br>      Defendants. | Case No. 14 CV 233 |

**COMPLAINT**

Plaintiffs, the United Food and Commercial Workers International Union-Industry Pension Fund and its Trustees, by counsel, hereby complain of Defendants Genesis HealthCare Corporation and Formation Capital, LLC as follows:

**Introduction**

This action is brought under the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act, 29 U.S.C. §§ 1001 *et seq.* (1982) ("ERISA"). Plaintiffs seek a judgment against Defendants, jointly and severally, for withdrawal liability, interest, liquidated damages, and attorneys' fees and costs. Plaintiffs also seek injunctive relief compelling Defendants to provide information requested by the Fund under ERISA.

**Jurisdiction and Venue**

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337 (federal question and commerce), Sections 502(e)(1) and 4301 of ERISA, 29 U.S.C. §§ 1132 (e)(1) and 1451.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2), 1451(d), because the United Food and Commercial Workers International Union-Industry Pension Fund is administered in this District.

**Parties**

3. Plaintiff, the United Food and Commercial Workers International Union-Industry Pension Fund (hereinafter the "Fund"), is a multiemployer employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and 1002(37), and a joint

labor-management pension fund established under § 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c). The individuals entitled to benefits under the Fund work in a number of industries, including retail food, manufacturing, and the nursing home industry. The Fund is a defined benefit pension plan, meaning that the benefits payable to the individuals are guaranteed to be paid as a monthly benefit commencing at normal retirement.

4. Plaintiffs Anthony M. Perrone, William T. McDonough, David S. Blitzstein, Roger Robinson, Kenneth R. Boyd, Richard Charette, Walter B. Blake, William M. Vaughn, III, Richard D. Cox, John Wagner, Ward Kraemer, and Scott Henderson are Trustees of the Fund. The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are collectively the plan sponsor within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

5. Upon information and belief, Formation Capital, LLC ("Formation Capital") is a Georgia limited liability company with its principal place of business at 1035 Powers Place, Alpharetta, GA 30009.

6. Upon information and belief, Genesis HealthCare Corporation ("Genesis") is a Pennsylvania corporation with its principal place of business at 101 East State Street, Kennett Square, PA 19348-3109.

### Factual Allegations

7. This dispute concerns withdrawal liability owed by One Care Lane Operations, LLC ("Care Lane"), the former operator of a nursing home facility located at 1 Care Lane, West Haven, CT 06516-2601 ("Soundview"), which is now in receivership under the laws of the State of Connecticut. During all relevant time periods, Care Lane was an "employer" within the

3

meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). On information and belief, Care Lane has liquidated and no longer exists. The Fund seeks to recover withdrawal liability owed by Care Lane from two related companies, Formation Capital and Genesis, because their operations were interrelated with Care Lane such that all three entities acted a single employer. Accordingly, Formation Capital and Genesis, as a single employer with Care Lane, are jointly and severally liable for Care Lane's debt to the Fund under ERISA Section 4203, 29 U.S.C. § 1383.

**A.    Care Lane, Genesis, and Formation Capital Operated Soundview as a Single Employer.**

8.    Genesis and Formation Capital are jointly and severally liable for Care Lane's withdrawal liability because, on information and belief, the three entities operated Soundview as a single employer through common ownership, an interrelation of operations, common management, and centralized control of labor relations. Upon information and belief, Care Lane was created to assist in the operation of Soundview by holding the license to operate the business and entering into labor agreements. Formation Capital and Genesis provided Care Lane (and thus Soundview) with financial support and management, and the officers of Formation Capital entered into labor agreements on behalf of Care Lane.

9.    When Formation Capital acquired Genesis in July 2007, the leadership of both entities highlighted the benefits of the transaction in terms of financing and operations. Arnold Witman, CEO of Formation Capital, stated in a press release, "Combining a superior <u>management team</u> with a <u>capital partnership</u> that is focused on modernization and enhancement of care and services to the elderly provides an excellent opportunity for growth in this dynamic industry." (emphasis added) George Hager, CEO of Genesis, similarly stated in a press release,

4

"We are pleased to be <u>partnering with two firms</u> which understand our business from both a <u>financial and operating standpoint</u>. We have great confidence their <u>strategic and financial support</u> will enable us to grow and to better serve our patients and residents." (emphasis added)

10. In 2007, Soundview was operated by Haven Health Center Soundview ("Haven Health"). Haven Health filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code on November 20, 2007. Commencing in February 2008, Haven Health's assets were marketed for sale via an auction process conducted through the bankruptcy proceedings, but the auction process failed to produce a qualified buyer. In July 2008, the bankruptcy court authorized Omega Healthcare Investors, Inc. ("OHI"), the lessor of the property, to take ownership and/or possession of Soundview. On August 6, 2008, subsidiaries of OHI entered into a Master Transaction Agreement with affiliates of Formation Capital in which Formation Capital agreed to lease certain properties from OHI that had been formerly leased to Haven.

11. On or about August 28, 2008, Care Lane, a Delaware corporation originally formed in June 2008, filed for corporate status in Connecticut, where Soundview is located.

12. On September 5, 2008, Care Lane and Local 371 entered into a letter agreement stating that, in the event Care Lane "takes over the operations" of Soundview, Care Lane would recognize Local 371 as the collective bargaining representative; assume the current collective bargaining agreement ("CBA") expiring on November 9, 2010 without changing any of its terms; hire all current Local 371 bargaining unit members as of the date of the take over at their current rate of pay and benefits; and honor existing seniority dates and all employee accrued paid time on the books as of such date.

13. On September 8, 2008, OHI announced that it had completed the "operational transfer of 13 skilled nursing facilities to affiliates of Formation Capital" in accordance with the

5

terms of the Master Transaction Agreement. As part of this transaction, Formation Capital entered into a long-term management agreement with Genesis, its wholly-owned subsidiary, to oversee the day-to-day operations of these facilities, including Soundview. Damian Dell'Anno signed a CBA on behalf of Care Lane with the United Food and Commercial Workers International Union, Local 371 ("Local 371") at a time when he was both a Manager of Care Lane and a Senior Executive Vice President and Chief Operating Officer for Formation Capital.

14. On information and belief, "One Care Lane Operations, LLC d/b/a Soundview Skilled Nursing and Rehabilitation Center" was the official name for Soundview, Care Lane held the license to operate Soundview, and Care Lane was a party to the CBA with Local 371 that expired on November 9, 2010. Under the CBA, Care Lane was required to make monthly contributions to the Fund on behalf of its employees who were covered by the CBAs. Those employees included certified nursing assistants (aides), the people who washed laundry at the facility, the housekeeping workers, the dietary and kitchen employees, the healthcare coordinators, and the central supply employees. The CBA was extended to January 9, 2011. Care Lane subsequently entered into a "Contract Extension Agreement" with Local 371 that extended the CBA through February 9, 2011.

15. Genesis and Formation Capital acted on behalf of Care Lane in ways that clearly demonstrate that all three entities were interrelated. Formation Capital and Care Lane share a principal place of business, 1035 Powers Place, Alpharetta, GA 30009, common management, and centralized control of labor relations. In addition to Dell'Anno, Formation Capital and Care Lane shared other officers. Michael T. Jones was a Manager of Care Lane and, at the same time, the Chief Operating Officer of Formation Capital. Similarly, upon information and belief,

Christina K. Firth was a Manager of Care Lane, and simultaneously a Manager and Senior Vice President of Business and Regulatory Affairs for Formation Capital.

16. Meanwhile, Genesis, on behalf of Care Lane, sent the Fund check payments of contributions and contribution reports required by the CBA. Genesis paid Care Lane's contributions with checks bearing Genesis's address. The contribution reports, which list the names of covered employees, the hours the covered employees worked, and the amount of contributions owed for the hours, identified the legal name of the contributing employer as "Genesis HealthCare Corp."

**B.     Care Lane's Receivership Proceeding and Withdrawal From the Fund.**

17. Effective January 10, 2011, the Connecticut Superior Court for the Judicial District of Hartford placed Care Lane into receivership and appointed a state receiver (the "Receiver") to operate Soundview. The Court found that the Receiver was necessary because there was a reasonable likelihood that Soundview would sustain a serious financial loss or failure that would jeopardize the health, safety and welfare of the patients, within the meaning of Conn. Gen. Stat. § 19a-543(3). *State of Conn. Commissioner of Social Services v. 915 Ella T. Grasso Boulevard Operations, LLC et al.*, Case No. cv11-6017873, Order of the Appointment of Receiver and Related Relief (January 10, 2011).

18. On January 11, 2011, the Receiver, on behalf of Care Lane, entered into an "Interim Agreement" with Local 371 that included a provision to toll the February 9, 2011 expiration of the CBA during the Receiver's operation of the facility.

19. On March 31, 2011, the Fund filed a Proof of Claim in the Care Lane receivership proceeding for delinquent contributions and a contingent claim for withdrawal liability.

20. On April 27, 2011, the Connecticut Superior Court issued an order to close Soundview, and in August 2011 all operations at Soundview ceased. As a result, Care Lane

7

permanently ceased to have an obligation to contribute to the Fund and effected a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

21. The Fund's Trustees determined Care Lane incurred withdrawal liability in the amount of $429,000, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b). On or about January 10, 2012, the Fund sent a notice and demand for payment of withdrawal liability (the "Notice") to Genesis, which operated with Care Lane and Formation Capital as a single employer (Care Lane had ceased to exist), in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The Notice advised that all trades or businesses under common control with Care Lane, as defined under Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), are jointly and severally liable for the payment of Care Lane's withdrawal liability to the Fund of $429,000, payable either as a single payment or in seventy five (75) quarterly installments of $10,067, and a final installment of $2,313, commencing on February 1, 2012.

22. By letter dated April 9, 2012, Care Lane requested review of the withdrawal liability assessment under ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A). On May 7, 2012, the Fund sent a letter denying the request for review. Neither Care Lane, Genesis, nor Formation Capital initiated arbitration by the statutory deadline under ERISA Section 4221(a)(1)(B), 29 U.S.C. § 1401(a)(1)(B), which was July 6, 2012, and are now precluded from doing so.

23. By letter dated October 19, 2012, the Fund notified Genesis, which operated with Care Lane and Formation Capital as a single employer, that it failed to make the first withdrawal liability payment on February 1, 2012 and that it had 60 days from receipt of the letter to cure its failure to pay the delinquent installment payment or it would be in default within the meaning of

ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A). In the event of a default, the Board of Trustees of the Fund may accelerate withdrawal liability so that the entire amount of the withdrawal liability is due and owing.

24. Neither Care Lane, Genesis, Formation Capital nor any trade or business under common control with Care Lane cured the delinquent installment payments within the 60-day deadline of December 18, 2012. Accordingly, all such trades or businesses are in default under ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the Board of Trustees has accelerated the withdrawal liability payments. Care Lane, Genesis, and Formation Capital are therefore jointly and severally liable to the Fund for Care Lane's entire withdrawal liability of $429,000.

**C.     Care Lane, Genesis, and Formation Capital Have Not Responded to the Fund's Multiple Requests for Information Under ERISA Section 4219(a).**

25. The Fund has repeatedly requested information from Care Lane, Genesis, and Formation Capital regarding their ownership as authorized by ERISA Section 4219(a), 29 U.S.C. § 1399. An employer receiving an information request must respond by the 30-day statutory deadline. Each entity has refused to respond.

26. In response to the Fund's Notice to Genesis of the withdrawal liability, Care Lane's counsel sent a letter dated February 2, 2012 representing that Genesis was the contractual manager of the Care Lane facility and was not liable for the withdrawal liability because it did not have any ownership interest in Care Lane.

27. On March 5, 2012 and May 7, 2012, the Fund requested that Care Lane provide the names of its owners and the amount of their respective ownership interests and the names of any parent companies of Care Lane and the amount of their ownership interests as of the withdrawal date. Care Lane did not provide the requested information.

28. On March 10, 2011, April 8, 2011, and November 30, 2012, the Fund sent a questionnaire to Genesis requesting the names of its owners and the amount of their respective ownership interests as of the withdrawal date. Genesis did not provide the requested information.

29. On July 10, 2013, the Fund sent a questionnaire to Formation Capital requesting the names of its owners and the amount of their respective ownership interests as of the withdrawal date. Formation Capital did not provide the requested information.

<u>**Count I**</u>
**Claim for Withdrawal Liability Under the Single Employer Doctrine**
**(All Defendants)**

30. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

31. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

32. Neither Care Lane, Genesis, nor Formation Capital has paid the withdrawal liability owed by Care Lane to the Fund. No trade or business under common control with Care Lane has paid the withdrawal liability owed by Care Lane to the Fund.

33. Genesis and Formation Capital are jointly and severally liable for the withdrawal liability of Care Lane because the three entities were operating Soundview as a single employer. Care Lane, Genesis, and Formation Capital shared interrelation of operations, common management, centralized control of labor relations, and, on information and belief, common ownership.

34. Care Lane, Genesis, and Formation Capital are in default within the meaning of Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B).

35. Because Care Lane, Genesis, and Formation Capital are in default, the Fund has accelerated Care Lane's withdrawal liability, and thus the full balance of the withdrawal liability is currently due and owing.

36. Accordingly, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, Genesis and Formation Capital are jointly and severally liable for withdrawal liability incurred by Care Lane in the amount of $429,000; at least $45,045.00 in interest on the entire withdrawal liability from the due date until the date paid; $85,800.00 in liquidated damages equal to the greater of the interest or 20 percent of the withdrawal liability; and reasonable attorneys' fees and costs incurred by Plaintiffs to recover these amounts. Therefore, Defendants owe the Fund at least $559,845.00.

## Count II
## Claim for Violations of ERISA Section 4219(a)
## (All Defendants)

37. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

38. A plan sponsor is authorized to request information that the plan sponsor reasonably determines to be necessary to enable the plan sponsor to comply with the withdrawal liability provisions of ERISA under Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

39. An employer is required to provide the requested information within 30 days after the request under Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

40. The Fund sent written requests for information to Care Lane, Genesis, and Formation Capital.

41. Genesis and Formation Capital did not respond and have thus violated ERISA Section 4219(a) of ERISA, 29 U.S.C. § 1399(a). Therefore, the Fund is entitled to injunctive relief requiring Genesis and Formation Capital to provide the requested information, including

the names of their owners and the amount of their respective ownership interests in the entities as of the date of Care Lane's withdrawal from the Fund.

### Request for Relief

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment against Defendants Genesis and Formation Capital, jointly and severally, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), awarding Plaintiffs:

1. $429,000 in withdrawal liability;

2. Interest on the entire amount of the withdrawal liability from the date of the first missed installment payment at the Fund's interest rate to the date of payment in the minimum amount of $45,045.00, which constitutes interest through January 31, 2014;

3. Liquidated damages equal to the greater of interest on the withdrawal liability or 20 percent of the withdrawal liability in the minimum amount of $85,800; and

4. The attorneys' fees and costs incurred by the Fund in this case.

(b) Injunctive relief ordering Genesis and Formation Capital to provide the names of the owners, both individuals and parent companies, and the amount of their respective ownership interests in Care Lane, Genesis and Formation Capital as of the date of Care Lane's withdrawal from the Fund.

(c) Such further or different relief as this Court may deem proper and just.

Dated: January 14, 2014 Respectfully submitted,

 s/ Jeffrey S. Endick, with consent
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Laura Offenbacher Aradi, Esq. (Bar No. 24046550)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC  20036
(202) 797-8700
(202) 234-8231 (facsimile)


 s/ Sherrie E. Voyles
Sherrie E. Voyles, Esq. (Bar No. 06242386)
David Huffman-Gottschling, Esq. (Bar No. 06269976)
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 N. Michigan Ave., Suite 1000
Chicago, IL  60601
(312) 327-3444
(312) 580-7175 (facsimile)

*Counsel for Plaintiffs*


     A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).


944134v2

13